UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 8:98-CR-378-T-25TGW

DENNIS L. KNIGHT

_____/

## ORDER DENYING MOTION

**BEFORE THE COURT** is Defendant's Motion to Strike Amended Judgment Based on Lack of Jurisdiction to Issue Amended Judgment (Dkt. 73) and the Government's Response thereto (Dkt. 77). Upon consideration, Defendant's motion is DENIED.

On December 23, 1998, pursuant to a plea agreement (Dkt. 28), Defendant pled guilty to Count One of the Indictment charging him with conspiracy to distribute methamphetamine. (Dkts. 34, 35, 39). On March 15, 1999, Defendant was sentenced to 120 months imprisonment to be followed by five years of supervised release. Judgment was entered on March 19, 1999. (Dkt. 49). Twelve (12) days later, on March 31, 1999, the district court entered an Amended Judgment to add a condition to Defendant's supervised release requiring him to participate in a program of mental health treatment. (Dkt. 50). Defendant did not appeal either judgment and did not collaterally attack his sentence. Now, approximately seven years after the Amended Judgment was entered, Defendant seeks to have the Amended Judgment stricken contending that the court did not have jurisdiction to amend the judgment outside the seven day window provided in Rule 35, Fed. R. Crim. P.

While Defendant is correct that Rule 35, Fed. R. Crim. P. provides a strict seven day deadline for the court to "correct a sentence that resulted from arithmetical, technical, or other clear error," Rule 36, Fed. R. Crim. P. allows a court to ". . . *at any time* correct a clerical error in a judgment, order, or other part of the record...." (*emphasis added*).

The Court has independently reviewed the transcript of Defendant's sentencing hearing. (Dkt. 78). At sentencing, the judge specifically ordered Defendant's participation in a mental health treatment program as a condition of his supervised release, stating,

> Upon release from imprisonment, he is to be placed on supervised release for a term of five years. He is to comply with the standard conditions adopted by the court in the Middle District of Florida. In addition, he is to participate as directed in a program approved by the probation officer for the treatment of drug or alcohol dependency, which may include testing for the detection of substance use or abuse.
> Further, he is required to contribute to the cost of those services in an amount determined reasonable, based on his ability to pay.
> **He is to participate as directed in a program of mental health treatment, as approved by his probation officer. He is also to contribute to the cost of that service in an amount determined reasonable.**

(Transcript of Sentencing Hearing, Dkt. 78, p. 11, lines 2-18)(*emphasis added*).

As the judge's ruling regarding the mental health program as a condition of his supervised release is not included in the clerk's minutes (Dkt. 46), but was expressly stated at sentencing (Dkt. 78, p. 11), it is evident that the omission in the judgment was a clerical error.

It is clear from record in this case that, pursuant to his authority under Rule 36, Fed. R. Crim. P., the sentencing judge correctly amended the judgment to ensure that the written judgment was consistent with his oral ruling at the sentencing hearing. *United States v. Portillo*, 363 F.3d 1161 (11th Cir. 2004), ("A district court may correct 'clerical' errors in the written judgment at any time under Rule 36 . . . to ensure that the judgment is in accord with the oral sentence), *citing United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000)(internal citations omitted). Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Amended Judgment Based on Lack of Jurisdiction to Enter Amended Judgment (Dkt. 73) is **DENIED**.

**DONE AND ORDERED** in chambers this __1st__ day of August, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel/Parties of Record